UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cv-00220-KJD-NJK |
| Plaintiff(s), ) | ORDER |
| vs. ) | (Docket No. 18) |
| ROBERT C. SHAW, et al., ) | |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendants Richard C. Shaw, Rose O. Shaw, and Saint Andrews Ivy, B.T. (collectively, "Defendants"), and for leave to serve them by publication. Docket No. 18. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the motion to serve by publication is hereby **GRANTED** and the motion to extend is hereby **GRANTED** in part.

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* F.R.C.P. 4(m). Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil

Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiff has diligently attempted to locate Defendants to enable service. *See*, *e.g.*, Docket No. 19. For example, Plaintiff has attempted to discern Defendants' location through various methods, including searching public records regarding corporations and searching records to identify the owner of a vehicle found at a location linked to Defendants. Plaintiff has attempted to serve Defendants in both Nevada and Florida through the use of process servers at addresses related to Defendants, as well as mailing them process server waivers. Plaintiff's process servers have also attempted to ascertain Defendants' whereabouts from persons at these locations, but have generally been met with evasive responses. The Court will therefore permit Plaintiff to serve Defendants by publication. Because service by publication takes several weeks, the Court will also extend the service deadline.[1]

---

[1] Plaintiff also requests that the Court allow it to serve notice of the complaint, rather than the complete complaint. *See* Docket No. 18 at 8. No legal authority or meaningful discussion is provided on that issue, and the Court declines to rule on it. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Accordingly, the Court **GRANTS** the motion for service by publication. The deadline to serve Defendant by publication is also extended by 60 days.  Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

(a) Serve Defendants by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

(b) Serve Defendants by publication in a newspaper of general circulation in the State of Florida on a weekly basis for a period of four weeks.

(c) After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada and Florida newspapers.

For the reasons discussed above, the pending motion for service by publication is hereby **GRANTED** and the motion to extend is hereby **GRANTED** in part.

IT IS SO ORDERED.

DATED: April 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge