UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cv-00220-KJD-NJK |
| Plaintiff(s), ) | ORDER |
| vs. ) | (Docket No. 44) |
| ROBERT C. SHAW, et al., ) | |
| Defendant(s). ) | |

Pending before the Court is the Government's second motion to deem service completed, for an order retroactively lifting the bankruptcy stay, or for an order extending the time to effectuate service. Docket No. 44. As discussed more fully below, the motion to deem service completed is **DENIED**, the motion to retroactively lift the bankruptcy stay is **DENIED**, and the motion to extend the time for service is **GRANTED**.

I.     MOTION TO DEEM SERVICE COMPLETED

The motion requests an order from the Court opining that service has been completed on Saint Andrews Ivy, B.T. Docket No. 44 at 3-4. The factual backdrop for this request is that the Court allowed the Government to serve Saint Andrews Ivy, B.T. by publication, and Saint Andrews Ivy, B.T. filed a notice of bankruptcy that triggered an automatic stay after the service process had begun but before it had been completed. *See id.* at 2-3. Whether service is effectuated in these circumstances appears to be a novel issue as the Government cites no case law. *See id.* at 3-4; *see also* Docket No. 40 (denying previous motion on the same issue for failing to provide meaningful argument).

The Government has failed to explain why the Court should wade into these uncharted legal waters, however, given that there is no justiciable dispute. There is no pending motion to dismiss for improper service, *see* Fed. R. Civ. P. 12(b)(4), no order to show cause regarding a potential lack of service, *see* Fed. R. Civ. P. 4(m), and no motion for default or default judgment requiring a finding that service has been completed, *see* Fed. R. Civ. P. 55. The Court declines to issue what amounts to an advisory opinion regarding whether the effort to serve Saint Andrews Ivy, B.T. to date has been effective. *Cf. Flast v. Cohen*, 392 U.S. 83, 96 (1968) (federal courts are limited to resolving actual controversies, and Article III of the Constitution prohibits the issuance of advisory opinions).

## II.    MOTION TO RETROACTIVELY LIFT AUTOMATIC BANKRUPTCY STAY

The Government next asks the Court to retroactively lift the automatic bankruptcy stay such that service by publication on Saint Andrews Ivy, B.T. will have been completed as of June 3, 2016. *See* Docket No. 44 at 4-6. As the Government acknowledges, it already presented this same request for relief in the underlying bankruptcy proceeding. *See id.* at 5-6. The bankruptcy court granted other aspects of the motion presented, but was silent with respect to this request. *See id.* As the Government also acknowledges, the pertinent statute "*gives the bankruptcy court*" discretion to grant retroactive relief from an automatic stay. Docket No. 44 at 5 (quoting *In re Nat'l Env. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) (emphasis added)). Given these circumstances, the Government has failed to show that it is proper for this Court to afford the relief sought.

First, as noted above, the Government has already filed a motion seeking this same relief, and it was not granted by the bankruptcy court. While the Government may be unclear whether the bankruptcy court denied this request on its merits or simply failed to rule on it as an oversight, simply refiling a motion with this Court is not the proper means to address the issue. If the Government believes the bankruptcy court considered and rejected its motion to retroactively lift the stay,[1] the proper means for the Government to continue to seek that same relief would be to pursue an appeal. *See, e.g.*, 28 U.S.C. § 158. If the Government believes the issue was not included in the bankruptcy court's ruling

---

[1] Generally speaking, a court is presumed to have rejected arguments or requests for relief that are not expressly addressed in its orders and are inconsistent with the result. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992).

1  as an oversight, the proper means for the Government to seek further relief would be to file a motion for
2  the bankruptcy court to reconsider its prior ruling. *See* Fed. R. Civ. P. 60(a) (providing for
3  reconsideration due to oversight or omission); *see also* Fed. R. Bankr. P. 9024 (incorporating Rule 60
4  into bankruptcy proceedings). Either way, however, the Government has failed to explain how or why
5  its pending motion to retroactively lift the automatic stay is properly presented to this Court given that
6  it sought the same relief without success from the bankruptcy court.

7        Second, even had the Government sought this relief from this Court in the first instance, this
8  Court does not have the authority to grant the relief sought. Based on unambiguous legislative history
9  and for policy considerations, the bankruptcy court has exclusive authority to grant relief from an
10 automatic bankruptcy stay. *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62-63 (6th Cir.
11 1983); *see also In re Gruntz*, 202 F.3d 1074, 1081-84 (9th Cir. 2000) (explaining that oversight of
12 automatic bankruptcy stays, and any modifications thereto, is a core function of the bankruptcy court
13 "the administration of which is vested exclusively with the bankruptcy court"). Hence, all requests for
14 relief from a bankruptcy stay must be filed in bankruptcy court, and other courts with proceedings that
15 may be impacted by that stay are without power to grant relief from the stay. *See Ingersoll-Rand Fin'l*
16 *Corp. v. Miller Min. Co., Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) (refusing to proceed with appeal in
17 manner that would violate applicable automatic stay because "the bankruptcy court has not granted relief
18 from the stay"); *see also In re Wardrobe*, 559 F.3d 932, 934 (9th Cir. 2009) ("only an order from the
19 bankruptcy court can authorize any further progress in the stayed proceedings").[2]
20 //
21 //

---

[2] Case law is abundant and uniform on this issue. *E.g.*, *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995) ("Relief from the stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case"); *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993) ("Only the bankruptcy court may grant relief from the automatic stay"); *Matter of Continental Airlines*, 928 F.2d 127, 129 (5th Cir. 1991) (*per curiam*) ("Only the Delaware bankruptcy court may grant relief from the effect of the automatic stay provision"); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) (*per curiam*) ("Relief from the effect of the automatic stay provisions of section 362(a)(1) must be sought from the bankruptcy court pursuant to section 362(d), and not from this court").

### III. MOTION TO EXTEND TIME FOR SERVICE

The Government lastly moves to extend the time to effectuate service on Saint Andrews Ivy, B.T. Docket No. 44 at 7-10. In particular, the Government seeks an additional 60 days to serve Saint Andrews Ivy, B.T. *Id.* at 10. Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Saint Andrews Ivy, B.T. by 60 days from the issuance of this order.

### IV. CONCLUSION

For the reasons discussed above, the motion to deem service completed is **DENIED**, the motion to retroactively lift the bankruptcy stay is **DENIED**, and the motion to extend the time for service is **GRANTED**.

IT IS SO ORDERED.

DATED: December 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge